# OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

# Northern District of California

# CIVIL MINUTES

**Date:** October 13, 2021   **Time:** 9:02-10:05 = 1 Hour; 3 Minutes   **Judge:** EDWARD M. CHEN

**Case No.:** 21-mc-80240-EMC   **Case Name:** Gossage v. City of Petaluma

**Attorney for Plaintiff:** Colleen O'Neal
**Attorneys for Defendant:** Kevin Gilbert, Jordan Green

**Deputy Clerk:** Angella Meuleman   **Court Reporter:** Ana Dub

## PROCEEDINGS HELD BY ZOOM WEBINAR

Hearing re Temporary Restraining Order held.

## SUMMARY

Parties stated appearances and proffered argument.

Defendants explained that only a small portion of Steamer Landing Park is public land and that most is private land. The private landowners executed non-trespass agreements authorizing the city to enforce trespass laws. Other than that, there are no agreements between the private land owners and the City of its agencies. Defendants described the availability of alternative housing options, including congregate living at the Mary Isaak Center and described other services offered by Sonoma County, such as individual housing in pallet shelters as the Los Gullicos Shelter Village. Other options may be available. The City has authorized funds for construction of a pallet shelter village whichi may be complete in December of January. Defendant detailed the risks posed by the Steamer Landing Park encampment, including fire risk, contamination to public waterways, debris, and harassment of other community members attempting to access the public space.

Plaintiffs contended other than housing at congregate living centers, no housing options have been offered to them. Plaintiffs seek permanent housing, but are open to considering other options, including individual accommodations, such as hotel rooms, or sanctioned encampment in a different parcel of public land. Plaintiffs noted their objections to staying in a congregate environment based on their asserted disabilities which include psychological issues.

1

The Court **ORDERED** an extension of the Temporary Restraining Order, Docket No. 7, until October 28, 2021 at 1:30pm, at which time the TRO hearing will be continued.

The Court instructed the parties to meet and confer about alternative housing options that could be provided to Plaintiffs, keeping in mind the following principles during their discussions:

1. To the extent that Plaintiffs are on private property, Plaintiffs have yet to assert a legal basis likely to succeed on which Plaintiffs could obtain relief to remain on that property.

2. With respect to Plaintiffs currently on public property, a primary consideration affecting Plaintiffs' likelihood of success is whether alternative housing options are available. Available housing does not mean the best or ideal housing. For example, the Ninth Circuit's decision in *Martin* does not cover individuals who choose to decline housing that is available to them. However, if there are true issues with the available housing under the Americans With Disabilities Act ("ADA") – i.e., that Plaintiffs cannot be accommodated at the available housing because their cognizable disabilities – then Plaintiffs may have viable claims under the ADA. However, as the Court explained in *Berkeley v. California Dep't of Transportation (Caltrans)*, No. 21-CV-04435-EMC, 2021 WL 4427429, at *6 (N.D. Cal. Sept. 27, 2021), the strength the ADA claim decreases as time goes on because it comes closer to fundamentally altering the nature of the Park.

3. It is important to consider the balance of hardships. Defendants raise legitimate concerns about fire risk, water contamination and safety. Certain actions may be taken by the parties to mitigate those risks.

The Court welcomed the parties to submit supplemental filings detailing any progress they make in coming up with a solution and clarifying the alternative housing options that are available to Plaintiffs.

Plaintiff's counsel stated she would be filing a First Amended Complaint to expressly allege an ADA claim. The Court deemed the TRO filing as the initial complaint.

Parties were asked by the Court about the possibility of outreach from a Magistrate Judge for further discussions. Parties were agreeable. Court will contact and advise. The Court urges the parties to work cooperatively to find an interim solution.

The hearing is continued until **October 28 at 1:30pm.**