Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Randolph S. Hom, Esq. (SBN: 152833)
rhom@ohhlegal.com
Kelly Houle-Sandoval, Esq. (SBN: 267958)
khoule-sandoval@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6210 Stoneridge Mall Road, Suite 210
Pleasanton, CA 94588
Telephone: (510) 999-7908/Facsimile: (510) 999-7918

Eric W. Danly, City Attorney (SBN: 201621)
Jordan M. Green, Assistant City Attorney (SBN: 247126)
jgreen@cityofpetaluma.org
CITY OF PETALUMA/CITY ATTORNEY'S OFFICE
11 English Street
Petaluma, CA 94952
Telephone: (707) 778-4362/Facsimile: (707) 206-6040

Attorneys for Defendants

Colleen S. O'Neal, Esq. (SBN: 108042)
LAW OFFICE OF COLLEEN S. O'NEAL
colleensoneallegal@gmail.com
988 Kenmore Lane
Santa Rosa, CA 95407
Telephone: (707) 696-8514

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH GOSSAGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PETALUMA, et al., <br><br> Defendants. | Case No. 21-mc-80240-EMC <br><br> **JOINT STATUS REPORT** <br><br> DATE: November 4, 2021 <br> TIME: 1:30 p.m. <br> DEPT: Courtroom 5 |

Pursuant to the Court's request (Dkt. 41), the parties hereby provide the Court with the agreements reached at the October 21, 2021, settlement conference before Magistrate Kim and through the discussions thereafter. The specific agreements are as follows:

- The October 28, 2021, further hearing on Plaintiffs' TRO was continued to November 4, 2021, before Judge Chen; and

- Plaintiffs were to (and did) provide Defendants with a specific list of the Plaintiffs' reported disabilities which they contend impact their ability to seek and/or accept shelter options no later than Friday, October 22, 2021.

## I. PLAINTIFFS' STATEMENT

### A. Status of Plaintiffs' Agreement to Provide List of Accommodation Requests

On Friday, October 22, 2021, Plaintiffs emailed Defendants a copy of the list of:

1. Names and relevant disabilities of 13 individuals residing at Steamer Landing Park that are requesting reasonable accommodations in a non-congregate shelter placement,

2. Names of 9 individuals residing at Steamer Landing Park that are requesting a bed at the Mary Isaak Center, including those requesting that due process standards be in place while at the shelter,

3. Identifying information for 3 individuals who require whole person care and who have complex and severe mental health conditions, and

4. The name of 1 individual that was banned from Mary Isaak Center and is requesting a placement somewhere in Petaluma to be close to his support system of doctors and family.

///
///
///
///
///
///

The List of those requesting reasonable accommodations and disabilities is as follows:

| Name/Age | Disabilities | Request |
|---|---|---|
| Ron Potter (Age 66) | Disabilities: Mr. Potter can't be in crowded environments because of anxiety and PTSD as documented with his VA and Petaluma clinic doctors. Also, Mr. Potter is at high risk for COVID complications because of his age. | Mr. Potter, a veteran, with limited income is requesting a reasonable accommodation ("RA") from the City of Petaluma for a non-congregate shelter placement. Mr. Potter would be able to accept: Permanent Supportive Housing (PSH) through COTS or a trailer at the Sonoma County fairgrounds. Mr. Potter has vehicle. |
| Alen Alders (Age 67) | Disabilities: Mr. Alders is unable to live in large crowded settings because of his anxiety. Also Mr. Alders has a hearing disability. Lastly, because of his age Mr. Alders is at high risk for COVID complications. | Mr. Alder, who is on a fixed income is requesting a reasonable accommodation from the City of Petaluma for a non-congregate shelter placement. Mr. Alder would be able to accept: Permanent Supportive Housing (PSH), Los Guilicos, Trailer, or a placement at a Motel. |
| Robert Tournahu (Age 67) | Disabilities: Mr. Tournahu is at high risk for COVID complications because of age. | Mr. Tournahu, who is on a fixed income is requesting a reasonable accommodation from the City of Petaluma for a non-congregate shelter placement. Mr. Tournahu would be able to accept: PSH or a placement at a Motel. He was previously accepted and stayed at Sonoma State University ("SSU") until the County closed the SSU COVID-19 homeless site. Robert's daughter lives in Petaluma. |
| Sharon McQuillen (Age 61) | Disabilities: Ms. McQuillen is unable to sleep in large crowd settings. She also has a deteriorated spine. Also, because of her age she is at a high risk for COVID complications. | Ms. McQuillen, who is on a fixed income is requesting a reasonable accommodation from the City of Petaluma for a non-congregate shelter placement. Ms. McQuillen would be able to accept: PSH, Trailer, or Motel.<br><br>Ms. McQuillen has a housing voucher. |
| Anthony Eugene Nelson | Disabilities: Mr. Nelson is unable to be in large congregate type shelters due to his OCD, ADHD, and severe depression. Has tried shelters. | Mr. Nelson is requesting a reasonable accommodation request to the City of Petaluma for a non-congregate shelter placement. Mr. Nelson would be able to accept: PSH or Los Guilicos. |

Joint Status Report [21-mc-80240-EMC]

| | | |
|---|---|---|
| Matthew Erickson | Disabilities: Mr. Erickson is unable to be in large crowded environments due to his anxiety.<br>(Named Plaintiff) | Mr. Erickson is requesting a reasonable accommodation request to the City of Petaluma for a non-congregate shelter placement.  Mr. Erickson would be able to accept: PSH, Trailer, or Motel. |
| Janine Naretto (Age 67) | Disabilities: Ms. Naretto is unable to be in a large congregate type shelter placement due to her PTSD and anxiety.  Also, because of her age she is at high risk for COVID complications.<br>(Named Plaintiff) | Ms. Naretto is requesting a reasonable accommodation request to the City of Petaluma for a non-congregate shelter placement.  Ms. Naretto would be able to accept: PSH, Los Guilicos, Trailer, or Motel. |
| Kamonchanok Chomwangnapi "Nok" Eugene Reilly Drake | Disabilities: Ms. Chomwangnapi is unable to be at MIC due to her disabilities which include autism and an anxiety disorder.<br>(Named Plaintiff)<br>Disabilities: Mr. Drake is unable to be in large crowded shelters due to his autism, ADHD, depression, and contagious ringworm.<br>(Named Plaintiff) | Ms. Chomwangnapi and Mr. Drake are requesting reasonable accommodation requests from the City of Petaluma for a non-congregate shelter placement.  They are unable to accept a placement outside of Petaluma due to their vehicle being impounded by Petaluma Police Department and Mr. Drake having to go to work every morning in Petaluma.<br><br>Ms. Chomwangnapi and Mr. Drake are able to accept Permanent Supportive Housing (PSH) or a Motel in Petaluma. |
| Sarah Gossage and Mark | Disabilities: Ms. Gossage is unable to go into a placement such as MIC due to her disabilities including PTSD and anxiety.<br><br>(Named Plaintiff) | Ms. Gossage is requesting a reasonable accommodation request from the City of Petaluma for a non-congregate shelter placement.<br><br>Ms. Gossage and her partner are able to accept Permanent Supportive Housing or a motel in Petaluma. |
| Jessica Boughner, Stuart Pembroke | Disabilities:  Due to anxiety, Ms. Boughner is unable to live in close quarters with unknown others. | Ms. Boughner is requesting a reasonable accommodation request from the City of Petaluma for a non-congregate shelter placement.<br><br>Ms. Boughner and her partner are able to accept Los Guilicos or PSH. |
| | TOTAL: | 13 |

B. **Current Status of Placements**

With two exceptions, we believe all the Steamer Landing residents listed in our letter to Defendants after the Settlement Conference, are enrolled in coordinated entry. Those two are working with Robby Moore of Catholic Charities to accomplish this.

On Friday, October 15, 2021, an advocate attorney accompanied a Steamer Landing resident to the Mary Isaak Center ("MIC") to be admitted to the shelter. He was asked to come back the next day at 11:30. We are assuming that he was admitted to the shelter as we have not seen him at the encampment.

On Thursday, April 21, 2021, the advocate accompanied another Steamer Landing resident (male) to MIC to be admitted to the shelter. They were told, by Janine, that there were no beds for males at that time and that the applicant would be contacted in 2 to 3 days when a bed opened up. To our knowledge he has not been contacted.

On Friday, October 22, 2021, the advocate accompanied three more residents (males) from Steamer Landing who requested a placement at Mary Isaak Center ("MIC"). Janine, who accepts applications for intakes at MIC stated that MIC was full and that there were no more placements. Janine added that those who submitted applications would need to return on Wednesday, October 27, 2021, to find out whether they will be accepted at MIC when there is an opening (the 3 applicants had been at the shelter previously and therefore had to have their applications reviewed by staff at the Tuesday staff meeting). The advocate accompanied one of these three applicants to MIC on Wednesday, October 27, 2021. He was informed that he had been accepted for admission to MIC and that they would contact him at the encampment to let him know when he would be admitted. Before leaving, he was asked to come back to the office and was told that he would be admitted on November 2, 2021, at 2:00.

Only one individual has been placed and that was at the MIC. Another is expected to be admitted on Nov. 2nd. None of those requesting reasonable accommodations have been offered any placements, including named Plaintiffs.

///

///

**C.     Plaintiffs' Pending Unresolved Issues**

1. Whether the 'private' property has been held out to be public property and should be deemed 'public' property;
2. Whether the injunction should apply to all residents at Steamer Landing Park;
3. Whether the Injunction should issue to prevent seizure of property including unregistered vehicles until each Steamer Landing Park resident is offered an adequate placement and has had an opportunity to be placed at the offered placement;
4. Whether Defendants have failed to offer adequate placements to the residents of Steamer Landing Park.

## II.    DEFENDANTS' STATEMENT

Defendants disagree with Plaintiffs' representations on the available housing options. For example, Plaintiffs claim to have visited the Mary Isaak Center ("MIC") where they were advised that there were no available beds. Immediately upon receipt of that information, the City contacted MIC who refuted that statement and confirmed that there were available beds for both males and females not only on that day, but also over the prior week when Plaintiffs allegedly checked in with MIC. Defendants will submit separate declarations which identify the availability of alternative housing options in a separate filing. Those submissions will also address the current status of each known individual's participation through the Coordinated Entry System.

///
///
///
///
///
///
///
///
///

Although the parties are continuing to work together in hopes of identifying shelter options that the Plaintiffs will accept, none of the issues raised in Plaintiffs' *Ex Parte* Application for a TRO have been resolved.

Dated: November 1, 2021  **ORBACH HUFF + HENDERSON LLP**

By: */s/ Kevin E. Gilbert*
Kevin E. Gilbert
Attorney for Defendants
CITY OF PETALUMA, et al.

Dated: November 1, 2021  **LAW OFFICE OF COLLEEN S. O'NEAL**

By: */s/ Colleen S. O'Neal*
Colleen S. O'Neal
Attorney for Plaintiffs
SARAH GOSSAGE, et al.