# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

## CIVIL MINUTES

**Date:** November 4, 2021  **Time:** 3:21 - 4:28 = 1 Hour; 7 Minutes  **Judge:** EDWARD M. CHEN

**Case No.:** 21-mc-80240-EMC  **Case Name:** Gossage v. City of Petaluma

**Attorney for Plaintiff:** Colleen O'Neal
**Attorneys for Defendant:** Kevin Gilbert, Jordan Green
**Also Present:** Robbie Powelson and Plaintiffs

**Deputy Clerk:** Angella Meuleman  **Court Reporter:** Belle Ball

### PROCEEDINGS HELD BY ZOOM WEBINAR

Further hearing re: [1] TRO held.

### SUMMARY

Parties stated appearances and explained the status of housing options available to Plaintiffs.

Based on the evidence on the record, which indicated unresolved questions as to whether adequate shelter was available to Plaintiffs, the Court found that Plaintiffs raised a serious question as to the merits of their Eighth Amendment claim under *Martin v. City of Boise* and the balance of hardships currently tips sharply in their favor. Accordingly, the Court **ORDERED** the temporary restraining order converted to a preliminary injunction, with the following amendments.

1. The injunction shall be lifted as to private property owned by Lind Marine, as indicated at Docket No. 8-8 at pp. 5, 8-10. The injunction shall be lifted as to that property on November 11, 2021.

2. The injunction is lifted shall as to three parking spaces used by city for programming in Steamer Landing Park. Defendants may post signs reserving those three parking spaces. If Defendants intend to relocate anyone from the parking in order to make use of three parking spaces, they must provide notice to those individuals at least 72 hours in advance of taking any action to relocate those individuals.

3. The preliminary injunction may be temporary. It will be in place until further court order or until the parties resolve outstanding issues by agreement. The Court sets an

evidentiary hearing on **December 17, 2021 at 1:30pm** to evaluate the progress of the parties in identifying and obtaining alternative housing options for Plaintiffs.  The Court will determine whether the preliminary injunction shall continue at that time.

The parties are instructed to meet and confer regarding alternative housing options available to named Plaintiffs and those seeking shelter.  The parties are expected to work together diligently to identify and obtain housing alternatives for the affected parties as soon as possible.  The City is expected to designate a point persons to work with Plaintiffs and Plaintiffs' counsel expeditiously, and Plaintiffs are expected to use due diligence in responding to opportunities presented by Defendants' point person(s).

If the parties are unable to resolve this case by agreement, the parties are instructed to submit a joint status report by December 13, 2021 which clearly lays out all steps taken by Defendants to identify and offer housing options to Plaintiffs, and Plaintiffs' actions in either pursuant and accepting those offers or reasons for declining to do so, including evidence of their due diligence in pursuing alternative housing options.  The Court instructs the parties to submit a chart which explains specifically what housing options have been offered to each Plaintiff and when it was offered, and Plaintiffs' actions with regards to those offers.

If the parties disagree about factual matters related to the process of offering, the parties are instructed to submit declarations describing the disputes by December 13, 2021.  The parties are expected to have witnesses prepared to testify via Zoom at the evidentiary hearing on December 17, 2021 to explain to the court the actions taken by the parties with regards to housing options for Plaintiffs.

Subsequent to the hearing, the Court asked Judge Kim to monitor the parties' actions in complying with this order.  The parties shall contact Judge Kim.

**Evidentiary Hearing set for December 17, 2021 at 1:30PM.  Hearing will be conducted by Zoom webinar.**